

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. R. Thompson
County Auditor
Taylor County
Abilene, Texas

Dear Sir:

Opinion No. 0-3968
Re: Is it legal for the County
Auditor to issue a warrant
to the County Tax Assessor-
Collector in payment of
mileage to and from Austin
on business connected with
his office, and a related
question?

Your letter of September 11, 1941, requesting an
opinion of this department, reads in part as follows:

"Is it legal for the county auditor to
issue a warrant to the county tax assessor-
collector in payment of mileage to and from
Austin on business connected with his office?

"Such a bill has been presented to me
and I want your opinion before issuing such
warrant.

"Also, is it legal to issue the tax
assessor-collector a warrant in payment for
mileage used in collecting bad checks?"

The county officials of Taylor County are compen-
sated for their services on an annual salary basis. Sec-
tion b of Article 3899, Vernon's Annotated Civil Statutes,
provides that such officers are empowered and permitted to
purchase and have charged to their respective counties all
reasonable expenses necessary in the proper and legal con-
duct of their respective offices as authorized by said stat-

ute. This department has repeatedly ruled that in the absence of a valid statute, the Commissioners' Court has no authority to allow any sums of money to its members for traveling expenses. This department has held, also, that a County Judge was not entitled to mileage or expenses incurred on trips to Austin on official business. (See opinions No. O-2475 and C-3701 and the opinions of this department mentioned therein.)

We do not think that Section b, Article 3899, supra, authorizes the payment of mileage to the County Assessor-Collector of Taxes to and from Austin, although such trip or trips is made on official business. We fail to find any statute authorizing the payment of expenses for or in connection with either of the above mentioned transactions. Therefore, in the absence of such a statute, we respectfully answer both of the above stated questions in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:CO

APPROVED SEP 23, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN